UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TOMMYE WELCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-CV-336-TAV-CCS |
| | ) |
| FFE TRANSPORTATION SERVICES, INC. and | ) |
| LINDA REESE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court as a result of plaintiff's Motion to Strike Affirmative Defenses [Doc. 27]. Defendant Linda Reese filed a response [Doc. 29]. Plaintiff has not replied and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons that follow, the Court grants in part and denies in part plaintiff's Motion to Strike Affirmative Defenses.

**I.  Background**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, plaintiff moves to strike five of defendant Reese's affirmative defenses [Doc. 27].

First, plaintiff moves to strike defendant's first affirmative defense, that is that plaintiff has failed to state a claim upon which relief can be granted against defendant pursuant to Rule 12 of the Federal Rules of Civil Procedure [Doc 27 p. 3]. Plaintiff submits that defendant has made a conclusory allegation with no basis under the law and

no facts to support it, making it immaterial and therefore having no "important relationship to the claim for relief or the defenses being pleaded" [*Id.*].

Second, plaintiff moves to strike defendant's fifth affirmative defense, that is that the accident which is the subject matter of the complaint was caused or brought about by a superseding intervening cause of a sudden emergency or resulted from some "Act of God" beyond the control of Ms. Reese, including, but not limited to (1) the weather and road conditions at the time of the subject accident; (2) actions of other drivers such as the unknown driver, John Doe I, of the vehicle that impacted plaintiff's vehicle causing plaintiff to stop on the interstate without operating taillights; and (3) the unknown driver of the 1998 Chevrolet Cavalier, John Doe II, who operated that vehicle in such a manner as to distract Ms. Reese and impair her reaction time [*Id.* at 3–4]. Plaintiff submits that this affirmative defense "is redundant as the sudden emergency defense is no longer a valid defense in Tennessee, having been subsumed by the adoption of comparative fault" and that defendant pleads the issue of comparative fault in her seventh defense [*Id.*].

Third, plaintiff moves to strike defendant's seventh affirmative defense of comparative fault, that is that the percentage of fault attributable to her should be reduced by the fault attributable to (1) the unknown driver of the vehicle who caused his vehicle to impact plaintiff's vehicle, John Doe I, for common law negligence; (2) the unknown driver of the 1998 Chevrolet Cavalier, John Doe II, for common law negligence; (3) the registered owner of the 1998 Chevrolet Cavalier, Isaias Simion Lobos, for negligent entrustment of his vehicle to John Doe II under the doctrine of respondeat superior, and

2

(4) other known or unknown third parties [*Id.* at 4–6]. Plaintiff claims there is no legal basis for the fact finder to compare fault with the driver in the previous accident [*Id.* at 4]. Additionally, plaintiff asserts that the affirmative defense of comparative fault was not properly raised in compliance with Tennessee Rules of Civil Procedure 8.03 because requesting that the fact finder compare fault with "other known or unknown third parties" is impermissibly vague [*Id.* at 5].

Fourth, plaintiff moves to strike defendant's tenth affirmative defense, that is that "Ms. Reese relies on all applicable statues of limitations, if proven applicable by investigation and discovery" [Doc. 23 p. 10]. Plaintiff submits that this allegation is conclusory and that the complaint was filed timely [Doc. 27 p. 6].

Finally, plaintiff moves to strike defendant's eleventh defense, that is that plaintiff's claims are barred by sudden emergency, duress, estoppel, laches, and waiver [*Id.*]. Plaintiff submits that these are a series of conclusory allegations without basis in fact or in law in this case and that the defense of sudden emergency was specifically addressed in the defendant's fifth defense [*Id.*].

Defendant filed a response in opposition to plaintiff's motion to strike [Doc. 29]. In her response, defendant submits plaintiff is seeking a "drastic remedy" to strike affirmative defenses, as they are generally not favored and are appropriate only "when the pleading to be stricken has no possible relation to the controversy" [*Id.* at 1]. Defendant also notes that plaintiff did not challenge the defenses raised by defendant FFE Transportation Services, Inc., which are nearly identical to those of defendant [*Id.* at 2].

3

Defendant requests that the Court use a "fair notice" standard to determine whether the affirmative defenses have been sufficiently plead [*Id.* at 1].

II. **Analysis**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision to strike an affirmative defense is solely discretionary. *ConcoPhillips, Co. v. Shaffer*, No. 3:05-CV-7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005). The United States Court of Appeals for the Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted). *See also Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045 (6th Cir. 2015) (stating that the function of a motion to strike is to "'avoid the expenditure of time and money [arising] from litigating spurious issues by dispending with' them early in the case" (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986))). Further, the Court of Appeals has advised that "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. In other words, a motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot

4

succeed under any circumstances.'" *S.E.C. v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)). *See also United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (stating that a motion to strike may be appropriate where it "'serve[s] a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case'" (quoting *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989))).

### A. Failure to State a Claim

"[E]very defense," including "failure to state a claim upon which relief can be granted," "must be asserted in the responsive pleading." Fed. R. Civ. P. 12(b). Failure to state a claim upon which relief can be granted may be raised in any pleading allowed under Rule 7(a), including an answer to a complaint. Fed. R. Civ. P. 12(h)(2)(A). *See also Sony/ATV Music Pub. LLC v. D.J. Miller Music Distribs., Inc.*, No. 3:09-CV-01098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011) (finding that courts in the Sixth Circuit have accepted "failure to state a claim" as an affirmative defense). Accordingly, this affirmative defense is not an immaterial conclusory allegation. The Court **DENIES** plaintiff's motion to strike defendant's first affirmative defense.

### B. Sudden Emergency or Act of God

The sudden emergency defense is no longer a valid defense under Tennessee law, but "if at issue, [it] must be considered as a factor in the total comparative fault analysis."

5

*McCall v. Wilder*, 913 S.W.2d 150, 157 (Tenn. 1995). Because defendant pursues a comparative fault defense in her seventh defense, plaintiff's motion to strike "sudden emergency" from the defendant's fifth affirmative defense is **GRANTED**.

According to the Tennessee Court of Appeals in *Butts v. City of South Fulton*, an "Act of God" is defined as "[a]ny misadventure or casualty [that] happens by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention." 565 S.W.2d 879, 882 (Tenn. Ct. App. 1977). The "Act of God" must be "of such character that it could not have been prevented or escaped from by any amount of foresight or prudence, or by the aid of any appliance which the situation of the party might reasonably require him to use." *Id.* In *Butts*, during months of heavy rain, the city of South Fulton was undertaking construction work that created interference with the natural surface drainage causing water to back up into the property of Mr. Butts. *Id.* at 880, 882. The court found that an "Act of God" defense was not valid because the construction work was an intervening cause to the heavy rainfall by preventing the run off of the fast flowing water. *Id.* at 882.

The present case is distinguishable from the situation in *Butts*. In *Butts*, although the court determined that an "Act of God" defense was not valid because the construction work was a proximate cause to the flooding, the court came to that conclusion through the trying of facts. *Id.* Here, if the Court were to grant plaintiff's motion to strike the "Act of God" defense, it would ultimately be finding that the weather conditions present at the time of the accident had absolutely no bearing on the cause of the accident. The

6

Court finds that this issue is for the trier of facts, and therefore **DENIES** plaintiff's motion to strike the "Act of God" defense.

C. **Fault of Third Parties**

In *Brown v. Wal-Mart Discount Cities*, the Tennessee Supreme Court held that "unless the nonparty is identified sufficiently to allow the plaintiff to plead and serve process on such a person . . . the trial court should not permit the attribution of fault to the nonparty." 12 S.W.3d 785, 788 (Tenn. 2000). Because defendant's answer does not sufficiently identify the nonparties upon which defendant seeks to impose fault, the Court finds plaintiff's motion to strike well taken in light of this rule. *See Debakker v. Hanger Prosthetics & Orthotics East, Inc.*, No. 3:08-CV-11, 2009 WL 3241739, at *2–3, 3 n.4 (E.D. Tenn. Sept. 30, 2009) (granting motion to strike the defendant's allegations of fault on the part of unidentified nonparties).

Yet, defendant relies upon *Breeding v. Edwards*, 62 S.W.3d 170 (Tenn. Ct. App. 2011), arguing that, "in automobile cases, it is proper to allege fault against unknown motorists" [Doc. 29 p. 4]. In *Breeding*, the Court of Appeals of Tennessee held that in cases involving an uninsured motorist claim a defendant may allege fault against a phantom driver. 62 S.W.3d at 178. *See also id.* 174 (stating that *Brown* "prevents a *defendant* from asserting the fault of an unknown entity" and "should be viewed as a shield that can be used by a plaintiff to ward off a defendant's attempt to avoid the imposition of fault upon itself" in an attempt to assign fault to someone who cannot be cast judgment because of their phantom status); *Resor v. Graves*, 108 F. Supp. 2d. 929,

7

932 (E.D. Tenn. 2000) (finding that *Brown* is not applicable to the facts of cases involving uninsured motorist claim coverage). There is no uninsured motorist claim here, so the Court finds *Breeding* distinguishable.

Accordingly, because phantom drivers (1) John Doe I, (2) John Doe II, and (3) other unknown third parties have not been specifically identified so that plaintiff can serve them with process, defendant cannot rely on the defense of comparative fault with respect to them.[1] Plaintiff's motion to strike affirmative defense seven is **GRANTED** with respect to the unidentified third parties.

### D. Statute of Limitations

In defendant's response she states that the statute of limitations defense was plead to avoid waiver, admits that she is unaware of any facts to support this defense, and agrees to remove it from her answer, providing she can amend her answer should the defense become available [Doc. 29 p. 6]. In light of this response, the Court **GRANTS** plaintiff's motion to strike defendant's tenth affirmative defense.

### E. Sudden Emergency, Duress, Estoppel, Laches, Waiver

With the exception of sudden emergency, the Court finds that affirmative defense eleven, which asserts several affirmative defenses, provides plaintiff fair notice of their nature and is similar to other affirmative defenses that courts have found provided sufficient notice in accordance with Rule 8(c)(1). *See, e.g., Gen. Elec. Capital Corp. v.*

---

[1] Plaintiff has not sought to strike defendant's assertion of comparative fault with respect to the registered owner of the 1998 Chevrolet Cavalier, Isaias Simion Lobos. The Court therefore does not address this aspect of the comparative fault affirmative defense.

8

Case 3:13-cv-00336-TAV-CCS   Document 35   Filed 06/18/15   Page 8 of 9   PageID #: 162

*Lanmann*, No. 2:05-CV-1130, 2006 WL 2077103, at *3 (S.D. Ohio July 24, 2006). With the exception of sudden emergency, as previously discussed, plaintiff's motion to strike affirmative defense eleven is **DENIED**.

### III. Conclusion

For the reasons set forth herein, plaintiff's Motion to Strike Affirmative Defenses [Doc. 27] is hereby **GRANTED** in part and **DENIED** in part. The Court hereby **STRIKES** defendant Linda Reese's affirmative defenses of sudden emergency set forth in affirmative defense five and eleven, fault of unidentified third parties set forth in affirmative defense seven, and statute of limitations set forth in affirmative defense ten.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE